UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYROSH BROWN,                           )
                                        )
        Plaintiff,              )     Case No. 1:10-cv-730
                                        )
v.                                      )     Honorable Robert Holmes Bell
                                        )
CHINATOWN, INC.,                        )     **REPORT AND RECOMMENDATION**
                                        )
        Defendant.              )
_____)

       This is a civil action brought by a *pro se* plaintiff against Chinatown, Inc., a corporation that operates a restaurant in Grand Rapids, Michigan. In his complaint, plaintiff identifies the nature of his claim as "racial discrimination" arising from treatment that plaintiff and a companion received at the restaurant on February 2, 2009, at 1:30 p.m. Plaintiff alleges that when he and his friend entered the restaurant, the lady at the cash register made "disrespectful and unwelcoming comments," that she was "very rude and disrespectful" and that she refused to give them a menu. After the two were seated, they allegedly waited for about fifty minutes without service. Plaintiff asked for service, and the same employee said, "You haven't left yet." After it was clear that they would not be served, plaintiff and his companion left. The lady at the cash register allegedly said, "I hope you never come back. I hate you [sic] kind anyway." Plaintiff seeks damages in the amount of $5 million.

       The matter is before the court on defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, brought under Fed. R. Civ. P. 12(b)(6).

Defendant asserts that the complaint is subject to dismissal for its failure to include a short and plain statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1), as well as for its failure to identify either plaintiff's protected class or any act that rises to the level of discrimination. In response, plaintiff has filed a one-page brief asserting that defendant discriminated against him because he is of African descent, that he was treated "hatefully" and was not served, and that he was subject to racial slurs. Judge Robert Holmes Bell has referred this matter to me for all pretrial purposes, including the submission of a report and recommendation on dispositive matters. After review of the record, I conclude that plaintiff's *pro se* complaint is sufficient to state a claim against defendant. I therefore recommend that the motion to dismiss be denied.

## **Applicable Standard**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual

allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950).

## Discussion

Defendant's first challenge to the sufficiency of the complaint is that it fails to set forth a short and plain statement of the grounds for the court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1).  It is true that plaintiff does not cite any statutory basis for the court's jurisdiction, but this is not necessary, especially in the case of a *pro se* litigant.  To comply with the pleading requirements of Rule 8(a)(1), a complaint need not set forth the statutory basis for the court's subject-matter jurisdiction.  Rather, allegations of jurisdictional facts alone are sufficient.  *See Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002); *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988).

In the present case, plaintiff's *pro se* complaint is sufficient to satisfy this pleading burden.  Plaintiff alleges that he was the victim of racial discrimination and sets forth facts which, if proven, could establish discrimination on account of race, including rude and disrespectful treatment and a refusal to provide plaintiff and his companion with service.  These facts, if established, are sufficient to establish a violation of section 201 of the Civil Rights Act of 1964, which guarantees all persons the right to full and equal enjoyment of the goods and services of any place of public accommodation, without regard to race.  42 U.S.C. § 2000a.  Additionally, such facts establish a plausible claim under 42 U.S.C. § 1981, which guarantees all persons within the jurisdiction of the United States equal rights to make and enforce contracts.  The federal courts routinely hold that the refusal to serve a patron on account of his race constitutes a violation of section 1981.  *See, e.g., Thomas v. Freeway Foods, Inc.*, 406 F. Supp. 2d 610 (M.D.N.C. 2005) (refusal to seat minority patrons and to wait on them within a reasonable period of time establishes a *prima facie* case of race discrimination under section 1981).

Defendant's second argument is that plaintiff's complaint fails to state a claim within the meaning of Fed. R. Civ. P. 12(b)(6). Defendant points out that an identification of plaintiff's race is absent from the complaint. Plaintiff has now identified his race as African American. In these circumstances, it would be an abuse of discretion to dismiss the complaint without granting plaintiff leave to amend to allege this fact. Additionally, defendant attempts to downplay the allegations in the complaint, characterizing them as petty slights or minor annoyances. Defendant ignores the clear allegation that defendant refused to serve plaintiff for nearly an hour. At the pleading stage, this allegation must be accepted as true and is sufficient to state a plausible claim under both the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion to dismiss be denied, on condition that plaintiff promptly file an amended complaint identifying the protected class to which he belongs.

Dated: February 22, 2011         /s/ Joseph G. Scoville
                                 United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).