UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYROSH BROWN, | |
| Plaintiff, | Case No. 1:10-cv-730 |
| v. | Honorable Robert Holmes Bell |
| CHINATOWN, INC., | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This is a civil rights action brought by a *pro se* plaintiff against Chinatown, Inc., a corporation that operates a restaurant in Grand Rapids, Michigan. In response to a motion to dismiss the complaint filed on August 30, 2010, I issued a report and recommendation, finding that plaintiff's *pro se* complaint was sufficient to allege a violation of section 201 of the Civil Rights Act of 164, 42 U.S.C. § 2000a, which guarantees all persons the right to full and equal enjoyment of the goods and services of any place of public accommodation, without regard to race, and a claim under 42 U.S.C. § 1981, which guarantees all persons within the jurisdiction of the United States equal rights to make and enforce contracts. Defendant did not object to the report and recommendation. On March 8, 2011, District Judge Robert Holmes Bell issued an order adopting the report and recommendation and denying defendant's motion to dismiss.

On July 18, 2011, new counsel for defendant filed a second motion to dismiss (docket # 34). Defendant's second motion acknowledges that the court denied a previous motion but then goes on to rehash the same arguments that the court rejected in the first instance. Plaintiff's second

motion is a waste of time. Plaintiff's *pro se* complaint, although inartful, is sufficient to allege claims under the statutes identified above under the pleading rules that prevail in federal court. I therefore recommend that the second motion to dismiss be denied.

In the alternative, defendant seeks a more definite statement. A motion for more definite statement is in order when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Rule 12(e) specifically requires that such a motion "must be made before a responsive pleading . . . ." Defendant has already filed a responsive pleading. (Answer, docket # 19). Therefore, a motion for more definite statement is not available to defendant. Defendant is free, of course, to seek the details supporting plaintiff's claims by any of the normal means of discovery.

Finally, defendant asks for an award of attorney's fees and sanctions, without citing any authority that would allow the court to grant this relief. If anything is sanctionable in this case, it is defendant's unadorned demand for sanctions.

### Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion to dismiss or for more definite statement and motion for sanctions (docket # 34) be denied in its entirety.

Dated:   September 23, 2011          /s/  Joseph G. Scoville
                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All

objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).